IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.                                      CASE NO.: 4:08-CR-3-SPM/GRJ

NAKIA MCCLAIN,

      Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND REFERRING TO MAGISTRATE JUDGE FOR FURTHER CONSIDERATION

THIS CAUSE comes before the Court for consideration of the Magistrate Judge's Report and Recommendation (doc. 106). Defendant filed objections (doc. 107).

Pursuant to Title 28, United States Code, Section 636(b)(1) and despite defendant's objections, I find that sections of the Report and Recommendation are correct and should be adopted. Specifically, the following sections of the Report and Recommendation regarding particular claims should be adopted: (1) Claims One and Two: Sentencing Objections; (2) Claim Three: Advice Regarding Benefit of Plea Versus Trial; (3) Claim Four: Advice Regarding Penalties; and (4) Claim Six: Failure to Raise Sentencing Issue on Appeal. To the extent that Defendant seeks to vacate, set aside, or correct his sentence under 28 U.S.C. §

2255 based on the above-referenced claims, his motion is denied.

However, Defendant seems to raise a valid objection to the Report and Recommendation's section on Claim Five: Failure to Advise of Right to File Petition for *Certiorari*. The report indicates that the Defendant does not have a Sixth Amendment right to counsel to pursue discretionary review in the Supreme Court and he therefore has no viable ineffective assistance of counsel claim based on <u>appellate counsel's failure to file a *certiorari* petition</u>. However, Defendant's claim is not that appellate counsel failed to file a *certiorari* petition. He argues that <u>appellate counsel did not inform him of his right to seek *certiorari*</u> in the Supreme Court after his sentence was affirmed on appeal. He further argues that had he known that he had this right, he would have timely filed a writ of *certiorari*. Defendant cites to case law indicating that appellate courts have "previously granted § 2255 relief on claims that appellate counsel failed to advise a defendant of his ability to seek certiorari review from the Supreme Court." <u>United States v. Johnson</u>, 308 Fed. Appx. 768, 768 (5th Cir. 2009). Therefore, this case will be referred back to the Magistrate Judge for consideration of this particular issue.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. The Magistrate Judge's Report and Recommendation (doc. 107) is **adopted in part** as discussed above and those specific sections are incorporated by reference into this order. To the extent that

Defendant seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 based on the following claims, that motion is **denied**: (a) Claims One and Two: Sentencing Objections; (b) Claim Three: Advice Regarding Benefit of Plea Versus Trial; (c) Claim Four: Advice Regarding Penalties; and (d) Claim Six: Failure to Raise Sentencing Issue on Appeal.

2. This case is referred to the Magistrate Judge for further consideration of Claim Five: Failure to Advise of Right to File Petition for *Certiorari* as discussed above.

DONE AND ORDERED this 18th day of April, 2012.

*S/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge